The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687
Dear Representative Purdom:
This is in response to your opinion request on the following questions:
 1) Can the Mayor and Council members be ordered [1] to pay for the cost of an independent audit ($10,000 — $12,000) (a) When the State audits for no charge and had already audited 1990? (b) Water and Sewer departments had been audited for 1990 and 1991 and were re-audited? The new administration hired an independent auditor to re-audit books that had already been audited, and to audit books that could have been done free of charge.
 2) Can a Mayor instruct the State to drop fines for late sewer hook-ups without a Council vote, when the fines were imposed according to law and by a Council vote? The citizens were served papers and their court date was set for 1/13/93.
 3) When the city performs a sewer hook-up, incurring expenses, according to Arkansas State law and by Council action, can the Mayor and/or the Council dismiss the charges?
In response to your first question, it appears that the answer to each of the three subparts of this question is "yes." Section 14-58-101(a)(1) of the Arkansas Code requires that "the audit of every municipal corporation shall be made by the Division of Legislative Audit or other independent persons licensed to practice accounting by the Arkansas State Board of Public Accountancy, to be selected by the governing body of the municipality." This statute clearly gives municipalities an option of having the audit performed by Legislative Audit or by an independent entity. See also A.C.A. 14-58-901 (1987). Statutory authority for an independent audit in addition to the legislative audit is found at A.C.A. 10-4-202. This section authorizes the Division of Legislative Audit to make audits of the records and accounts of officers and employees of cities and incorporated towns. Subsection (b) provides, however, that "[n]othing contained in this section shall be so construed as to abridge the right of any . . . municipality to employ accountants of its own choice to make these audits. . . ." It is thus clear in response to your first question that a municipality may order an independent audit irrespective of the legislative audit.
For reasons of clarity, I have combined your second and third questions and will address them as question number two.
It is my understanding that Diamond City, a city of the second class, passed several ordinances authorizing the enlargement of its city sewer system in an effort to service more property owners. It is also my understanding that if a property owner either failed or refused to connect with or tap into the Diamond City sewer system within sixty (60) days, these aforementioned ordinances provided that a fine in an amount not to exceed one hundred dollars ($100) would be assessed. See A.C.A. 14-235-301.
Questions two and three inquire as to whether the mayor can instruct the state to "drop fines," and whether the mayor and/or city council can "dismiss" charges against persons who fail to pay for connection of the sewer services.
Although unresolved questions of fact may surround these questions, it should be noted generally that the prosecuting attorneys of this state are invested with the discretion to file criminal charges and the discretion to ask a court to dismiss charges. See Webb v. Harrison, 261 Ark. 279,547 S.W.2d 748 (1977). The decision in this regard is therefore left to the prosecuting attorney, and not the mayor and/or council.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh